### STROUD vs. *BEARDSLEE*.

A party in a suit who in stating his claim against his opponent omits setting forth the necessary circumstances of places and dates, and contents himself with making it in the general

APPEAL from the court of the parish and city of New Orleans.

MATHEWS, J. delivered the opinion of the court. This case comes up on several bills of exception taken by the counsel of Beardslee, defendant in the court below, and here appel-

lant.   As only one of these exceptions, is in-
sisted on before this court, that alone will be
examined.

The suit is brought by a journeyman printer,
to recover wages alleged to be due to him by
his employer.  The defendant pleaded a gener-
al denial and also compensation, and claimed
a ballance to his favor by way of reconvention,
and thereby in his turn becomes actor or plain-
tiff in the cause.   In the plea of compensation
or reconvention,   he states several general
counts usual in declarations, made in conformi
ty with the practice of courts of judicature, in
pursuance of rules established by the common
law of England; these are money lent; money
had and received to his use; and money laid
out and expended for the defendant. &c.

In support of this part of his answer he offered
on the trial of the cause in the parish court to in-
terogate a witness, a clerk of the house of Ben-
ham & Jones, and to propound to him the fol-
lowing question "Did Mr Stroud obtain from
the house of Benham & Jones, of which you
was clerk, sundry articles of clothing, between
the 21st of January, 1821, and the 10th of
April, 1823, on account of Mr Beardslee? were
charged to the latter? and has he paid for

East'n District.
*Jan.* 1824

STROUD
*vs.*
BEARDSLEE

terms of the court usual in declarations at common law, such as, *money lent, money had and received,* &c. is not permitted the same latitude in proving his claim as in common law courts.

Our law of 1805 regulating the mode of judicial proceedings requires a concurrency between the *allegata et probato.*

East'nDistrict.
*Jan.* 1824.

STROUD
*vs.*
BEARDSLEE

them?"   To these questions the counsel for the the plaintiff objected as not being consistent with the allegations of the defendants answer, and the objection being sustained by the Parish court, the latter took an exception to that opinion.   In testing the correctnes 'or error of this decison of the judge *a quo,* we must consider the defendant, as a plaintiff in his re-convention and accordingly apply the rules of pleading laid down by our system of jurispru-dence.   Whatever may have been the advantages, derived from the liberality of proof admitted by the courts of common law in England, on such counts as have been above stated, being opposed to the embarassments & difficulties in which suitors sometimes fall, in consequence of great nicety and technicality of pleading established by the usual practice of said courts, we are of opinion that no such benefit or advantage can be claimed for a like mode of proceeding in our courts of justice, simplefied as the practice is by laws which regulate it.

The law of 1805 regulating the mode of proceeding in the late Superior court of the Territory of Orleans; and which forms the basis of practice in the several inferior courts of the

state, requires that that the "cause of action should be stated by a plaintiff, with necessary circumstances of places and dates. There is also a general rule of practice founded in common sense, and adopted by all courts in the administration of jestice, which requires concurrency between the alegata and probata.— The facts alleged in the defendants answer in the present case, to avoid the plaintiffs claim, and which amount to a reconvention are not set forth with a sufficient statement of circumstances of place and date. To have admitted the evidence offered, would he a violation of that consistency required between allegations and proof. There is a want of certainty in the pleas. We are therefore of opinion that the parish judge did not err in refusing to suffer the interogatory to be propounded to the witness, as requested by the defendant.

It is therefore ordered, adjudged, and decreed, that the judgement of the parish court be affirmed, with costs.

*Ripley* & *Pray* for the plaintiff, *Carleton* for the defendant.